IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Case No. _____

VALERIE VAUGHN,
and
VICTORIA VAUGHN HOLSTED,

                Plaintiffs,

vs.

SOUTHWEST AIRLINES CO.,
a Texas corporation,

                Defendant.

## COMPLAINT

### I. PARTIES

1.1    Plaintiff Valerie Vaughn is a resident of Jefferson County, Alabama, and a citizen of the State of Alabama.

1.2    Plaintiff Victoria Vaughn Holsted is a resident of Franklin, Tennessee, and a citizen of the State of Tennessee

1.3    Defendant Southwest Airlines Co. ("Southwest Airlines") is a corporation incorporated under the laws of the State of Texas, with its principal place of business in Texas.

1.4    On and before January 27, 2009, Defendant Southwest Airlines was a common carrier in the business of transporting passengers for hire.

## II. JURISDICTION AND VENUE

2.1     This action is brought pursuant to 28 U.S.C. § 1332(a) on the basis of complete diversity of citizenship and on the basis that the amount in controversy exceeds the jurisdictional amount of $75,000 for each Plaintiff.

2.2     Venue for this action is proper in the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1391(a)(1) and (c), because Southwest Airlines does continuous and systematic general business in the Northern District of Alabama and is subject to general personal jurisdiction in the Northern District of Alabama. Also, Plaintiff Valerie Vaughn resides in the Northern District, and Southwest Airlines Flight No. 1705 was scheduled to stop in Birmingham.

## III. FACTS

3.1     On January 27, 2009, Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, were fare-paying passengers aboard a Boeing 737-3H4 jet aircraft, FAA registration number N325SW ("subject aircraft") operated as Southwest Airlines Flight No. 1705 departing from Los Angeles International Airport, Los Angeles, California ("LAX"), with an intended destination of Nashville International Airport, Nashville, Tennessee ("subject flight"), and then proceeding to Birmingham, Alabama, with a final destination of Baltimore, Maryland.

3.2     At all times mentioned herein, Defendant was and is a common carrier engaged in the business of transporting passengers for hire by air.

3.3     Approximately one hour after Flight No. 1705 departed LAX on January 27, 2009, the subject aircraft experienced a problem with the air quality in the cabin.

3.4     Approximately one hour after Flight No. 1705 departed LAX, Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, began experiencing hypoxia, also known as oxygen deprivation. They felt extreme pressure in their ears and their ears began to pop and ache. Plaintiffs, along with other passengers on the subject flight, were having trouble breathing.

3.5    Approximately one hour after Flight No. 1705 departed LAX, a flight attendant alerted the pilot to the air quality problem in the cabin.

3.6    Suddenly, the pilot engaged the engines, entered a steep ascent, and advised the passengers there had been a malfunction. As this occurred, super-heated air began to surge out of the aircraft's ventilation system and onto the passengers, including the Plaintiffs. A mist appeared to hang in the cabin.

3.7    Upon information and belief, while onboard the subject aircraft and during the incident, Plaintiffs were exposed to toxic fumes that entered the passenger cabin through the aircraft's ventilation system.

3.8    Upon information and belief, the toxic fumes that Plaintiffs were exposed to were comprised of contaminated bleed air. Bleed air is the outside air fraction of the cabin supply air that is first compressed in the aircraft engines or Auxiliary Power Unit and which can become contaminated with high-temperature engine oil or hydraulic fluid and their byproducts.

3.9    As a result of the aforementioned problems, the subject aircraft was forced to make a sudden and rapid descent.

3.10   As a result of the aforementioned problems, the subject aircraft was forced to make an emergency landing in Albuquerque, New Mexico.

3.11   Soon after landing, a Fire Marshall boarded the subject flight and advised all passengers to exit the subject aircraft.

3.12   As a result of the foregoing, Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, suffered serious physical and mental ailments, during and after the subject flight, including, but not limited to: extreme pressure in their heads, nasal passages, and ears; ringing in the ears; trouble hearing; difficulty breathing; nasal congestion and sneezing; sore throat and shortness of breath; gastrointestinal distress; nausea; rashes; insomnia; extreme fatigue; weight loss; bladder infections; blurred vision and secretions from the eyes; itching and irritated eyes; abnormally wrinkled and dry skin; severe and unremitting headaches; muscle and joint aches and pains; neurological impairment; cognitive deficiencies; central and peripheral nervous system damage, including memory loss; motor skill

deficiencies; dizziness; weakness; disorientation; loss of balance; difficulty speaking; vision impairment; uncontrollable tremors; uncontrollable twitches and jerking motions while resting; and numbness and tingling in their extremities.

3.13   Prior to the subject flight, Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, were healthy, active women. After the subject flight, they were forced to take leave from work due to their ailments.

3.14   On January 30, 2009, Plaintiff Victoria Vaughn Holsted telephoned Southwest Airlines' Customer Service Department seeking information about the malfunction during the subject flight and the possible causes of Plaintiffs' health problems.

3.15   On January 30, 2009, a Southwest Airlines Customer Service agent named "Brandy" confirmed to Plaintiff Victoria Vaughn Holsted that the subject aircraft performed an emergency landing due to altitude and pressurization issues.

3.16   Later in the day on January 30, 2009, Plaintiff Valerie Vaughn telephoned Southwest Airlines Customer Service Department seeking information to assist the doctors in the treatment of Plaintiffs' health problems.

3.17   A different customer service agent, named "Chelsea," advised her that Southwest Airlines had no record indicating a problem with the subject flight. The agent (Chelsea) also advised Plaintiff Valerie Vaughn that she was not permitted to answer her questions over the telephone.

3.18   On February 2, 2009, Plaintiff Valerie Vaughn telephoned Southwest Airlines Customer Service Department, seeking to speak with Brandy, the agent who had confirmed the malfunction on the subject flight.

3.19   On February 2, 2009, an agent named "Shawn Marie" would not permit Plaintiff Valerie Vaughn to speak with Brandy, and refused to answer her questions over the telephone. The agent (Shawn Marie) informed Plaintiff Valerie Vaughn that she was unable to assist her and wished her "good luck."

## IV. DUTY

4.1     Plaintiffs hereby allege and incorporate all paragraphs in Sections I-III, above, by reference herein.

4.2     Defendant Southwest Airlines and its officers, agents, servants, and/or employees (collectively referred to hereinafter as "Defendant") had a duty to follow relevant safety, operation, maintenance, repair, service, and inspection procedures with regard to the subject aircraft.

4.3     Defendant had a duty to provide its passengers with an aircraft that was in good mechanical condition and free of defects such as pressurization problems and toxic fumes.

4.4     After exposing its passengers to unidentified toxic fumes, Defendant had a duty to inform each and every passenger exactly which chemicals they had been exposed to, all possible consequences of such exposure, and information relevant to medical treatment for such exposure (including antidotes). Defendant also had a duty to measure the level of exposure each passenger sustained, as close in time to the fume event as practicable.

4.5     Defendant had a duty to use the highest degree of care consistent with the operation of its aircraft and its business as a common carrier.

## V. NOTICE

5.1     Plaintiffs hereby allege and incorporate all paragraphs in Sections I-IV, above, by reference herein.

5.2     Prior to the subject flight, Defendant received actual or constructive notice of the dangers posed by a loss of cabin pressure to the airworthiness of the aircraft and the safety of the passengers, including Plaintiffs, aboard an aircraft.

5.3     Prior to the subject flight, Defendant received actual or constructive notice of the pressurization problems in its fleet and/or the subject aircraft.

5.4     Prior to the subject flight, Defendant received actual or constructive

notice of the contaminated bleed air problems in its fleet and/or the subject aircraft.

5.5     Prior to the subject flight, Defendant received actual or constructive notice of the maintenance problems in its fleet and/or the subject aircraft.

5.6     Prior to the subject flight, Defendant received actual or constructive notice of the dangers posed to the safety of its passengers and crew by allowing toxic fumes to enter the cabin of its aircraft through the aircraft's ventilation system.

5.7     Prior to the subject flight, Defendant received actual or constructive notice of contaminated bleed air and toxic fumes entering the cabin while its passengers and crew were onboard.

## VI. NEGLIGENCE OR WANTONNESS AND CAUSATION

6.1     Plaintiffs hereby allege and incorporate all paragraphs in Sections I-V, above, by reference herein.

6.2     At all times material hereto, Southwest Airlines Flight No. 1705 was operated by a common carrier engaged in the business of transporting fare-paying passengers. As a common carrier, Defendant owed the highest duty of care to its passengers, including Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, on Flight No. 1705. In the alternative, Defendant owed to the Plaintiffs, at minimum, the duty of exercising ordinary due care in the maintenance and operation of its aircraft.

6.3     Defendant was negligent or wanton in that it failed to follow relevant safety, operation, maintenance, repair, service, and inspection procedures with regard to the subject aircraft.

6.4     Defendant was negligent or wanton in that it failed to provide its passengers with an aircraft that was in good mechanical condition and free of defects.

6.5     Defendant was negligent or wanton in that, after exposing its

passengers to unidentified toxic fumes, it failed to inform each and every passenger which chemicals they had been exposed to, all possible consequences of such exposure, and information relevant to medical treatment for such exposure (including antidotes). Defendant was also negligent or wanton in that it failed to measure the level of exposure each passenger sustained, as close in time to the fume event as practicable.

6.6 Defendant was negligent or wanton in that it failed to use the highest degree of care (or, alternatively, ordinary due care) consistent with the operation of its aircraft and its business as a common carrier.

6.7 Defendant's negligence or wantonness proximately caused the injuries and damages to Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, as identified in Section VIII of this Complaint.

## VII. BREACH OF CONTRACT

7.1 Plaintiffs hereby allege and incorporate all paragraphs in Sections I-VI, above, by reference herein.

7.2 Defendant agreed to transport Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, for compensation. This contract included the agreement, expressed and/or implied, to transport the Plaintiffs safely, in a non-negligent manner.

7.3 Defendant breached this agreement by failing to safely transport Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, and by failing to ensure that the subject aircraft was in good mechanical condition and free of defects such as pressurization problems and toxic fumes. As a result, Plaintiffs sustained damages as identified in Section VIII of this Complaint.

## VIII. DAMAGES

8.1 Plaintiffs hereby allege and incorporate all paragraphs in Sections I-VII, above, by reference herein.

8.2 Defendant's negligence or wantonness and/or breach of contract

proximately caused injuries and damages to Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, including, but not limited to: serious physical and mental injuries; past and future medical expenses; past and future wage loss, including lost earning capacity; past and future pain and suffering; past and future emotional distress; past and future loss of enjoyment of life; past and future physical and mental disability; trauma; fear; fear of contracting future diseases and complications due to this exposure; fright; embarrassment; and any and all special and general damages allowed by law or otherwise, all in an amount to be proven at trial. As of the date of this Complaint for damages, Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, have not recovered from their injuries, which are therefore alleged to be permanent in nature. Also, as of the date of this Complaint for damages, Plaintiffs, Victoria Vaughn Holsted and Valerie Vaughn, have not been made aware of the actual components in the toxic fumes that they were exposed to.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment of liability in favor of the Plaintiffs and against the Defendant herein as follows:

9.1   For judgment against Defendant for general and special damages and punitive damages in an amount to be proven at the time of trial and determined by the trier of fact, in an amount in excess of $75,000 for each Plaintiff;

9.2   For all costs and expenses herein;

9.3   For prejudgment interest on all damages herein;

9.4   For attorney fees, disbursements, and litigation expenses; and

9.5   For such other and further relief as this Court deems just and equitable.

DATED this 28th day of October, 2009.

*Bruce J. McKee*
Bruce J. McKee

James R. Pratt, III, Esq.
Bruce J. McKee, Esq.
HARE, WYNN, NEWELL & NEWTON, LLP
2025 Third Avenue North
Suite 800, Massey Building
Birmingham, AL 35203-3378
TEL: (205) 328-5330
FAX: (205) 324-2165
jim@hwnn.com
bruce@hwnn.com

OF COUNSEL:

Alisa R. Brodkowitz, Esq.
BRODKOWITZ LAW
3600 Fremont Avenue North
Seattle, WA 98103
TEL: (206) 838-7531
FAX: (206) 838-7532
alisa@brodkowitzlaw.com

Michael Withey, Esq.
THE LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, WA 98101
TEL: (206) 405-1800
mike@witheylaw.com

Theodore J. Leopold, Esq.
LEOPOLD~KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Phone: (561) 515-1400
Fax: (561) 515-1401
tleopold@leopoldkuvin.com

Attorneys for Plaintiffs

<u>PLAINTIFFS DEMAND TRIAL BY JURY</u>.

*/s/ Bruce J. McKee*
Bruce J. McKee
one of the attorneys for the Plaintiffs

SERVICE INSTRUCTIONS:

Serve Defendant, Southwest Airlines Co., by Certified Mail, to its Registered Agent:

PRENTICE HALL CORPORATION SYSTEM
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104