IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VALERIE VAUGHN,<br>and<br>VICTORIA VAUGHN HOLSTED,<br><br>Plaintiffs,<br>v.<br><br>SOUTHWEST AIRLINES, CO.,<br>a Texas Corporation<br><br>Defendant. | Case No.: CV-09-HGD-2193-S |

### DEFENDANT SOUTHWEST AIRLINES, CO.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Defendant Southwest Airlines, Co. (hereinafter referred to as "Southwest Airlines"), by counsel, and hereby answers the Complaint filed against it, and states as follows:

### GENERAL DENIAL

Southwest Airlines denies each and every allegation contained in Plaintiffs' Complaint, except to the extent an allegation is specifically and unequivocally admitted below.

### I.   PARTIES

1.1   Southwest Airlines states that it lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 1.1.

01885800.1

1

1.2     Southwest Airlines states that it lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 1.2.

1.3     Southwest Airlines admits the allegations contained in paragraph 1.3.

1.4     Paragraph 1.4 sets forth questions and/or issues and/or conclusions of law to which no answer is required. To the extent an answer is required, Southwest Airlines admits that on January 27, 2009, it was an FAR part 121 certificated air carrier that carried passengers and cargo for hire.

## II.     JURISDICTION AND VENUE

2.1     Paragraph 2.1 sets forth conclusions of law to which no answer is required.

2.2     Paragraph 2.2 sets forth conclusions of law to which no answer is required. Furthermore, Southwest Airlines states that it lacks sufficient information to form a belief as to the allegations in paragraph 2.2.

## III.     FACTS

3.1     Southwest Airlines admits the allegations in paragraph 3.1

3.2     Paragraph 3.2 sets forth conclusions of law to which no answer is required. To the extent an answer is required, Southwest Airlines admits that at all times from January 27, 2009 to the present, it was an FAR part 121 certificated air carrier that carried passengers and cargo for hire.

3.3     Southwest Airlines denies the allegations contained in paragraph 3.3.

3.4     Southwest Airlines denies the allegations contained in paragraph 3.4.

3.5     Southwest Airlines denies the allegations contained in paragraph 3.5.

3.6     Southwest Airlines denies the allegations contained in paragraph 3.6.

3.7     Southwest Airlines denies the allegations contained in paragraph 3.7.

3.8     Southwest Airlines denies the allegations contained in paragraph 3.8.

3.9     Southwest Airlines denies the allegations contained in paragraph 3.9.

3.10    Southwest Airlines denies the allegations contained in paragraph 3.10.

3.11    Southwest Airlines admits only that after the subject flight diverted to Albuquerque, New Mexico, the Fire Marshall boarded the subject flight and advised all passengers to exit the subject aircraft.

3.12    Southwest Airlines denies the allegations contained in paragraph 3.12.

3.13    Southwest Airlines states that it lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 3.13.

3.14    Southwest Airlines admits that Plaintiff Victoria Vaughn Holsted telephoned Southwest Customer Service complaining about problems with her ears, but denies the remaining allegations contained in paragraph 3.14.

3.15    Southwest Airlines admits that its Customer Service Representative conveyed to Plaintiff Victoria Vaughn Holsted that the subject aircraft had a pressurization problem, but denies the remaining allegations contained in paragraph 3.15.

3.16    Southwest Airlines admits that Plaintiff Valerie Vaughn telephoned Southwest Customer Service on January 30, 2009, but denies that she requested information to assist in the treatment of any health problems.

3.17    Southwest Airlines admits only that its Customer Service Agent advised Plaintiff Valerie Vaughn that she would have to write in if she wanted to request research on the subject incident.

3.18    Southwest Airlines denies the allegations contained in paragraph 3.18.

3.19    Southwest Airlines denies the allegations contained in paragraph 3.19.

## IV. DUTY

4.1     Southwest Airlines hereby incorporates by reference its responses to all paragraphs in Sections I through III as if fully set forth herein.

4.2     Paragraph 4.2 sets forth conclusions of law to which no answer is required.

4.3     Paragraph 4.3 sets forth conclusions of law to which no answer is required.

4.4     Paragraph 4.4 sets forth conclusions of law to which no answer is required.

4.5     Paragraph 4.5 sets forth conclusions of law to which no answer is required.

## V. NOTICE

5.1     Southwest Airlines hereby incorporates by reference its responses to all paragraphs in Sections I through IV as if fully set forth herein.

5.2     Southwest Airlines admits only that it has, at all relevant times, been aware of the necessity of cabin pressurization and certain hazards posed by a loss of pressurization.

5.3     Southwest Airlines denies that it had prior notice of any problem with the pressurization system of the subject aircraft and, due to the ambiguity of the remaining allegations, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.3.

5.4     Southwest Airlines denies that it had prior notice of any problem with the bleed air system of the subject aircraft and, due to the ambiguity of the remaining allegations, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.4.

5.5     Southwest Airlines denies that it had prior notice of any "maintenance problems" with the subject aircraft and, due to the ambiguity of the allegations, lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.5.

5.6     Southwest Airlines denies that it had prior notice of any "toxic fumes" aboard its aircraft posing a danger to its passengers and, due to the ambiguity of the allegations, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.6.

5.7     Southwest Airlines denies the allegations contained in paragraph 5.7.

## VI.     NEGLIGENCE OR WANTONNESS AND CAUSATION

6.1     Southwest Airlines hereby incorporates by reference its responses to all paragraphs in Sections I through V as if fully set forth herein.

6.2     Paragraph 6.2 sets forth conclusions of law to which no answer is required.

6.3     Southwest Airlines denies the allegations contained in paragraph 6.3.

6.4     Southwest Airlines denies the allegations contained in paragraph 6.4.

6.5     Southwest Airlines denies the allegations contained in paragraph 6.5.

6.6     Southwest Airlines denies the allegations contained in paragraph 6.6.

6.7     Southwest Airlines denies the allegations contained in paragraph 6.7.

## VII.     BREACH OF CONTRACT

7.1     Southwest Airlines hereby incorporates by reference its responses to all paragraphs in Sections I through VI as if fully set forth herein.

7.2     Southwest Airlines admits that Plaintiffs were fare-paying passenger aboard a Southwest aircraft, but the remaining allegations set forth conclusions of law to which no answer is required.

7.3     Southwest Airlines denies the allegations contained in paragraph 7.3.

## VIII. DAMAGES

8.1     Southwest Airlines hereby incorporates by reference its responses to all paragraphs in Sections I through VII as if fully set forth herein.

8.2     Southwest Airlines denies the allegations contained in paragraph 8.2.

## IX. PRAYER FOR RELIEF

9.1-9.5  Southwest Airlines denies that Plaintiffs are entitled to any damages whatsoever and requests that this court enter judgment in its favor and against Plaintiffs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Southwest Airlines upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The occurrence and damages alleged in the Complaint were caused in whole or in part by the neglect, fault, and want of care by persons or entities other than Southwest Airlines, for whose acts Southwest Airlines is not responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

Without admitting any negligence or breach of duty on the part of Southwest Airlines, Plaintiffs' alleged injuries and/or damages, if any, were the result of an intervening superseding cause.

### FIFTH AFFIRMATIVE DEFENSE

The claims raised in Plaintiffs' Complaint may be barred by the doctrines of laches, waiver, estoppel, accord and satisfaction, arbitration and award, payment, release and/or res judicata.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by federal aviation law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of express and implied preemption.

### NINTH DEFENSE

The present action is, in the interests of justice and/or for the convenience of the parties and witnesses, due to be dismissed and/or transferred to a more appropriate forum.

### TENTH DEFENSE

Plaintiffs' Complaint fails for lack of causation and proximate cause.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations and/or the rule of repose.

### TWELFTH DEFENSE

Venue is improper, and the present action is due to be transferred to a proper forum.

## THIRTEENTH DEFENSE

To the extent the Complaint fails to name indispensable parties, the Complaint must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the court.

## FOURTEENTH DEFENSE

Plaintiffs' claims for punitive damages are barred by Ala. Code §§ 6-11-20 and 6-11-21.

## FIFTEENTH DEFENSE

Southwest Airlines denies that it is responsible for any conduct which warrants the issue of punitive damages being submitted to a jury. Any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional safeguards provided to Southwest Airlines under the Constitution of the State of Alabama and the Constitution of the United States.

## SIXTEENTH DEFENSE

Southwest Airlines specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards articulated by the United States Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997).

### SEVENTEENTH DEFENSE

To the extent Plaintiffs claim that they have suffered physical injury, § 6-11-21 of the Code of Alabama bars Plaintiffs' claim for punitive damages insofar as said claim exceeds the greater of three times Plaintiffs' compensatory damages or $1,500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

### EIGHTEENTH DEFENSE

Any verdict based upon Plaintiffs' claims for compensatory damages for pain and suffering, mental anguish or emotional distress and punitive damages would violate Southwest Airlines' guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety and amount of such damages violate the constitutional prohibition against vague and overbroad laws.

### NINETEENTH DEFENSE

Southwest Airlines is entitled to a setoff for all sums of money recovered from any collateral sources, or recovered by or on behalf of the Plaintiffs by way of any settlement, judgment or otherwise which were entered into or received by the Plaintiffs from any party or non-party in this action.

Southwest Airlines reserves the right to rely on and amend its answers to include additional affirmative defense as may be manifested through discovery, by the law and evidence herein, and to any counterclaims and cross-claims as may become necessary after reasonable opportunity for discovery.

WHEREFORE, having fully responded, Southwest Airlines Co. prays that the Complaint be dismissed with prejudice and for such other relief as may seem meet and proper.

\s\ H. Thomas Wells, Jr.
H. Thomas Wells, Jr.
Mitesh M. Shah
Gregg M. McCormick
Attorneys for SOUTHWEST AIRLINES, CO.

OF COUNSEL:

**MAYNARD, COOPER & GALE**
1901 6th Avenue North
Suite 2400
Birmingham, AL  35203
(205) 254-1000
twells@maynardcooper.com
mshah@maynardcooper.com
gmccormick@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James R. Pratt III, Esq.
Bruce J. McKee, Esq.
Hare, Wynn, Newell & Newton, LLP
2025 Third Avenue North
Suite 800, Massey Building
Birmingham, AL  35203 3378
jim@hwnn.com
bruce@hwnn.com

Alisa R. Brodkowitz, Esq.
Brodkowitz Law
3600 Fremont Avenue North
Seattle, WA  98103
alias@brodkowitzlaw.com

Michael Withey, Esq.
The Law Offices of Michael Withey
601 Union Street, Suite 4200
Seattle, WA  98101
mike@witheylaw.com

Theodore J. Leopold, Esq.
Leopold-Kuvin, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL  33410
tleopold@leopoldkuvin.com


\s\ H. Thomas Wells, Jr.
OF COUNSEL