IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VALERIE VAUGHN, and     *      CV-09-HGD-2193-S
VICTORIA VAUGHN HOLSTED,    *
                        *
         Plaintiffs,        *
                        *
    v.                  *
                        *
SOUTHWEST AIRLINES, CO., a    *
Texas corporation,         *
                        *
         Defendant.       *
                        *

---

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

---

# Exhibit "A"

Nathaniel v. American Airlines, No. 2007/0033, 2008 WL 5046848 (D. V.I. Nov. 20, 2008)

MEMORANDUM OPINION

FINCH, District Judge.

*1 THIS MATTER comes before the Court on Plaintiff's Appeal From Magistrate Judge's Order Entered April 16, 2008 Denying Plaintiff's Motion to Compel Defendant to Supplement Rule 26 Disclosures. Defendant opposes such Appeal. After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff brought this action against Defendant alleging that Plaintiff suffered humiliation and medical injuries as a result of Defendant's failure to accommodate Plaintiff on its flight from St. Croix to Miami. Compl. ¶¶ 4, 5, 7, 16, 18, 23, 24, 33, 38, 39, Mar. 15, 2007. Prior to her scheduled departure on Defendant's airplane on August 11, 2006, Plaintiff avers that she notified Defendant that she needed special accommodations and the assistance of a lift, because Plaintiff cannot walk or climb stairs. Id. ¶¶ 3-5. Plaintiff insists that Defendant confirmed its ability to accommodate Plaintiff's flight needs. Id. ¶¶ 8-9.

On the day of her scheduled flight, Plaintiff claims that Defendant's employee reported that the lift was not operational and that Defendant had a lift but refused to use it. Id. ¶¶ 14, 16. As a result, Plaintiff's son and two of Defendant's employees manually lifted Plaintiff onto the aircraft. Id. ¶¶ 16-17, 19. The manager of Defendant's St. Croix operation initially instructed Plaintiff to sit in the first class area but then notified Plaintiff that she would not be able to go on the flight. Id. ¶¶ 20-23. Plaintiff avers that the manager told her that she was a hazard and, if she refused to get off the plane, security would remove her. Id. ¶¶ 23, 24, 29, 30. Plaintiff alleges that the manager told her that she was too fat and that no one could give her a first class seat. Id. ¶ 32. Ultimately, Plaintiff was removed from the plane by three of Defendant's employees and Plaintiff's son. Id. ¶ 33.

Plaintiff received Defendant's Rule 26 Disclosures on May 14, 2007. Plaintiff wrote to Defendant on August 9, 2007, stating that Defendant's Rule 26 Disclosures were insufficient because Defendant failed to provide the names and addresses of its witnesses; failed to provide the address and scope of knowledge of the individuals listed on the Rule 26 Initial Disclosures; and failed to provide the Defendant's Flight History and the Event Detail Report. Defendant did not supplement the information.

On March 10, 2008, Plaintiff filed a Motion to Compel Defendant to Supplement its Rule 26 Disclosures (Docket No. 16). Defendant filed an opposition to Plaintiff's Motion to Compel, wherein it stated that providing Plaintiff with its employees' home addresses would violate the rule against ex parte communication with employees. Def.'s Opp. to Pl.'s Mot. to Compel, 3-4, Mar. 27, 2008 (Docket No. 18). Specifically, Defendant named four flight attendants, an agent

responsible for accommodating passengers with disabilities, the St. Croix operation manager and a corporate complaint official who Defendant claimed Plaintiff's counsel was barred from communicating with pursuant to Rule of Professional Conduct 4.2. Id. Defendant further stated that federal law prohibited it from providing Plaintiff with an unredacted version of its passenger manifest. Id. at 5, 6, 7.

*2

Plaintiff replied to Defendant's Opposition motion on April 14, 2008, contending that the law allows disclosure with a confidentiality agreement. The Magistrate Judge denied the Motion to Compel on April 16, 2008, stating that the names and addresses of managerial or supervisory employees are not required to be disclosed and further noted that disclosure of Defendant's Flight History and Event Detail Report was not required. Order Den. Pl.'s Motion to Compel (Docket No. 25).

Plaintiff requests that the Court reverse the Magistrate's April 16, 2008 Order because (1) she was not granted access to the home addresses and telephone numbers of seven current American employees who were involved in the decision to remove Plaintiff from Flight 1290 and (2) she was not provided with unredacted copies of American's Flight History and Event Detail Report. See Pl.'s Memo. in Support of Appeal of Magistrate Judge's Order of April 16, 2008 at 1 (Docket No. 31).

Defendant maintains that (1) Plaintiff's counsel cannot contact the employees identified in Defendant's Initial Disclosures pursuant to Rule 4.2 of the Model Rules of Professional Conduct because the acts and omissions of the employees identified may be imputed to Defendant for the purposes of determining liability and (2) Defendant cannot legally produce unredacted copies of American's Flight History and Event Detail Report, disclosing the passenger names, because this would violate federal regulations under 14 C.F.R. § 243.9. See Def.'s Response in Opp. to Pl.'s Appeal of Magistrate Judge's Order of April 16, 2008 at 1 (Docket No 34).

## II. STANDARD OF REVIEW

Magistrate Judges are allowed to issue rulings on non-dispositive pretrial matters. Fed.R.Civ.P. 72(a). When a party appeals a magistrate's ruling, this Court can modify or set aside any portion of that ruling it finds to be "clearly erroneous or contrary to law ." Id. A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J.2004). In addition, a Magistrate Judge's ruling is contrary to law if "the Magistrate Judge misinterpreted or misapplied the applicable law." Id. The Magistrate Judge's decisions are accorded wide discretion. National Labor Relations Board v. Frazier, 966 F.2d 812, 817 (3d Cir.1992).

Federal Rule of Civil Procedure 26 provides that a party must provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have

discoverable information ..." Fed.R.Civ.P. 26(a)(1)(A)(i). Rule 26 further states that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," such as "the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1); see Ruiz v. Royer Pharm., Inc., 1999 U.S. Dist. LEXIS 2436 at *6-7, 1999 WL 124470 (E.D.Pa. Feb. 26, 1999) (citing Fed.R.Civ.P. 26(b)(1)); see also Medmarc Cas. Ins. Co v. Arrow Int'l, Inc., 2002 U.S. Dist. LEXIS 15082 at *4, 2002 WL 1870452 (E.D.Pa.2002) (citing Fed.R.Civ.P. 26(b)(1)) (holding that information is discoverable if it is relevant, "whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party....").

*3

The term "relevant" is not defined by the Rules but courts have interpreted the term to encompass "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oil, Chemical & Atomic Workers Local Union v. N.L.R.B., 711 F.2d 348, 360 (D.C.Cir.1983); Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D.W.Va.2000); see Hickman v. Taylor, 329 U.S. 495, 499- 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

## III. DISCUSSION

### A. Production of Home Addresses and Telephone Numbers of Employees

Defendant claims that it is not required to produce the home addresses and telephone numbers requested by Plaintiff, insisting that it has complied with the Federal Rules of Civil Procedure 26(a)(1)(A) and (B) regarding discovery. See Def.'s Response in Opp. to Pl.'s Appeal of Magistrate Judge's Order of April 16, 2008 at 4. Defendant argues that Plaintiff is prohibited from contacting the employees identified in Defendant's Initial Disclosures pursuant to Model Rule of Professional Conduct ("MRPC") 4.2 because the acts and omissions of the employees identified may by imputed to Defendant for the purposes of determining liability. Id. at 5, 6. Plaintiff contends that the Magistrate's denial of the Motion to Compel in this case is clearly erroneous "in that it is not supported by any reasoning as to why the employees cannot be contacted, or any showing by the Defendant as to the status of the employees as persons within the prohibition of Rule 4.2." Pl.'s Memo. in Support of Appeal of Magistrate's Order at 10. Plaintiff submits that the Model Rules of Professional Conduct, as construed recently in Mendez v. Hovensa, L.L.C., 2008 U.S. Dist. LEXIS 28122, 2008 WL 906768 (D.V.I. Mar. 31, 2008), do not prohibit her from obtaining addresses of these employees and communicating with these employees of Defendant. Id.

In Mendez v. Hovensa, L.L.C., the court considered whether the plaintiff's counsel should be disqualified for communicating ex parte with one of the defendant's employees in violation of MRPC 4.2 and 4.3. Mendez, 2008 U.S. Dist. LEXIS 28122 at *1, 2008 WL 906768. MRPC 4.2 prohibits a lawyer from communicating "about the subject of the representation with a person the

lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." The Mendez court first looked at what types of employees can be classified as represented by corporate counsel. Mendez, 2008 WL 906768 at * 2. The court observed that 'most courts have rejected the position that [MRPC 4.2] automatically prevents an attorney from speaking with all employees of a represented organization.' Id. (citing Messing, Rudavsky & Weliky, P.C. v. President and Fellows of Harvard College, 436 Mass. 347, 764 N.E.2d 825, 830 (Mass.2002); Patriarca v. Ctr. for Living & Working, Inc., 438 Mass. 132, 778 N.E.2d 877, 880 (Mass.2002)).

*4

As the Mendez court explained, only three categories of employees come under the protection of MRPC 4.2. Mendez, 2008 WL 906768 at *2. Counsel for an opposing party may not contact any employee of a corporate party represented by counsel (1) "who supervises, directs, or regularly consults with the organization's lawyer concerning the matter or" (2) "whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability" or (3) who "has authority to obligate the organization with respect to the matter." Mendez, 2008 U.S. Dist. LEXIS 28122 at *5-6, 2008 WL 906768 (citing MRPC 4.2, cmt. 7). Plaintiff contends that the employees Plaintiff seeks to contact cannot be said to bind or otherwise obligate Defendant under the anti-contact provisions of MRPC 4.2. Plaintiff argues that, while the relevant employees may have made statements regarding the unavailability of seats for Plaintiff or the unavailability of an operational lift, those statements do not prove that the employee or employees were admitting liability; the statements were "factual rather than legally binding." See Pl.'s Memo. in Support of Appeal of Magistrate's Order at 9. Plaintiff argues that the employees' statements "do not show that the persons were responsible for the availability of the lift" and insists that "there is no evidence that the employees in question had express or implied authority to obligate Defendant with regard to the availability of seats on Defendant's airplane or an operational lift ." Id.

Defendant can be found liable for the actions of its employees committed in the regular scope of employment. See Restatement (3d) of Agency § 7.07 ("An employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment"). In her Complaint, Plaintiff references the specific acts and omissions of Defendant's employees as the basis for Defendant's liability. Plaintiff claims, among other things, that Defendant breached its duty of good faith and fair dealing, that Defendant's actions constituted misrepresentation, that Defendant was negligent for failing to have an operating lift to load her into the aircraft, and that Defendant's actions constitute negligent and intentional infliction of emotional distress.

Based upon the plain language of her Complaint, the Court finds that Plaintiff seeks to hold Defendant liable for the alleged acts and omissions of its employees. Plaintiff specifically refers to the actions of Defendant's Operations Manager Julia Carter, who was identified in Defendant's Initial Disclosures. See Complaint ¶¶ 20, 22, 24, 26, 29, 30, 32. Additionally, Plaintiff refers to the acts and omissions of several of Defendant's employees in coordinating the special accommodations allegedly requested. Id. ¶¶ 6-9. Plaintiff also refers to the acts and omissions of

Defendant's employees regarding the lift and carrying Plaintiff on and off of Defendant's aircraft. Id. ¶¶ 9, 11, 14, 16-19, 33.

*5

Plaintiff's allegations of the acts and omissions of Defendant's employees form the basis for many of her claims against Defendant. [FN1] The Court finds that, pursuant to MRPC 4.2 and the recent decision in Mendez, counsel for Plaintiff cannot contact the employees identified in Defendant's Initial Disclosures because the acts and omissions of the employees identified may by imputed to Defendant for the purposes of determining liability. See Restatement (3d) of Agency § 7.07; Mendez, 2008 U.S. Dist. LEXIS 28122 at *3-4, 2008 WL 906768; see also Wasmer v. Ohio Dep't of Rehab. & Corr., 2007 U.S. Dist. LEXIS 11881 at *9-10, 2007 WL 593564 (S.D.Ohio Feb. 21, 2007) (finding that the purposes of MRPC 4.2 are best served when it prohibits communication with "those employees whose acts or omissions are at issue in the case"). Therefore, the Court holds that the Magistrate's Order denying Plaintiff's Motion to Compel Defendant to produce the home addresses and telephone numbers of its employees who were involved in the decision to remove Plaintiff from Flight 1290 is not clearly erroneous or contrary to law.

> FN1. Such claims include (1) breach of the duty of good faith and fair dealing, (2) misrepresentation, (3) negligence for failing to have an operating lift, and (4) negligent and intentional infliction of emotional distress.

B. Production of the Passenger Manifest

Defendant provided a report entitled "Flight History" and a report entitled "Event Detail Report" with its Initial Disclosures. These reports include information specific to the flight on which Plaintiff was scheduled to travel on the date of the dispute giving rise to this action. Prior to disclosing these reports, Defendant redacted the passenger manifest, which appeared on both the Flight History and the Event Detail Report. Defendant argues that it cannot legally produce unredacted copies of American's Flight History and Event Detail Report, disclosing the passenger names, because this would violate federal regulations under 14 C.F.R. § 243.9. See Def.'s Response in Opp. to Pl.'s Appeal of Magistrate Judge's Order of April 16, 2008 at 1. Plaintiff requests that this Court issue a protective order so that Plaintiff can obtain the names and addresses of persons who may have witnessed the incident in this case, and, at the same time, protect the privacy interests of persons involved. See Pl.'s Reply to Def.'s Response in Opp. to Pl.'s Appeal of Magistrate Judge's Order of April 16, 2008 at 1 (Docket No. 36).

Passenger manifest information is governed by Part 243 of Title 14 of the Code of Federal Regulations. Such information is required by federal law "to ensure that the U.S. government has prompt and adequate information in case of an aviation disaster on covered flight segments." 14 C.F.R. § 243.1. The federal government requires that airlines obtain passenger names and solicit a name and phone number of a contact for each passenger. 14 C.F.R. § 243.7. The contact information must "be kept confidential and released only to the U.S. Department of State, the

National Transportation Safety board, and the U.S. Department of Transportation pursuant to oversight of this part." 14 C.F.R. § 243.9. Federal regulations require that the contact information "shall only be used by covered airlines for notification of family members or listed contacts following an aviation disaster. The information shall not be used for commercial or marketing purposes." Id.

*6

**Notwithstanding the federal regulations, courts have held that a passenger manifest may be discoverable pursuant to a confidentiality agreement.** In *Wallman v. Tower Air, Inc.*, the court recognized that a passenger manifest is discoverable with a limitation in the order as to what use may be made of the information. Wallman v. Tower Air, Inc., 189 F.R.D. 566, 569 (1999). The Wallman court ordered the defendant airline to produce its passenger list, subject to a protective order, in a negligence action following a near crash-landing. Id. As the court stated in Wallman, there is adequate "justification within the discovery rules for producing the list," despite the confidentiality provisions of the statute, where the information only would be available to family members and government agencies, consistent with the statute protecting such information. Id.; see also *Delta Airlines v. Cook*, 816 N.E.2d 448, 461 (Ind.Ct.App. 2004) (finding that defendant's passenger list was discoverable with limitation in order as to what use may be made of information).

Plaintiff alleges that there were multiple passengers on her flight that witnessed the incident in question. Additionally, Plaintiff claims that "a passenger in first class agreed to give up his seat for her" and "others offered to chip in and purchase her a first class ticket." See Pl.'s Reply to Def.'s Response in Opp. to Pl.'s Appeal of Magistrate Judge's Order of April 16, 2008 at 5. These passengers on Plaintiff's flight are potential witnesses in this case and are likely to have discoverable information.

**Recognizing that federal law protects the release of information contained in Defendant's passenger manifest, the Court finds that Plaintiff has no other means of obtaining this information and it is discoverable under a protective order. See Wallman, 189 F.R.D. at 569; Cook, 816 N.E.2d at 461.** Such information must be disclosed pursuant to a confidentiality agreement to protect unnecessary dissemination. The Court finds that a protective order instructing the parties to keep the information contained in the passenger list confidential and to use the information solely for litigation purposes is appropriate under the circumstances of this case. Therefore, the Court holds that the Magistrate's failure to grant Plaintiff's Motion to Compel disclosure of Defendant's passenger manifest was clearly erroneous. The Court will grant Plaintiff's Motion to Compel disclosure of Defendant's passenger manifest accompanied by a protective confidentiality order.

IV. CONCLUSION

The Court finds that the home addresses and telephone numbers of Defendant's employees

requested by Plaintiff are not discoverable in this matter. Defendant is not required to supplement its Rule 26 Disclosures by providing the addresses and numbers of its employees who were involved in the decision to remove Plaintiff from Flight 1290. The Magistrate's Order Denying Plaintiff's Motion to Compel the addresses of Defendant's employees is AFFIRMED.

*7

The Court finds that disclosure of Defendant's passenger manifest accompanied by a protective order so that Plaintiff can obtain the names and addresses of persons who may have witnessed the incident in question, and, at the same time, protect the privacy interests of persons involved is appropriate in this case. The Magistrate's Order Denying Plaintiff's Motion to Compel disclosure of Defendant's passenger manifest accompanied by a confidentiality order is REVERSED.

For the reasons set forth herein, Plaintiff's Appeal From Magistrate Judge's Order Entered April 16, 2008 Denying Plaintiff's Motion to Compel Defendant to Supplement Rule 26 Disclosures is DENIED IN PART and GRANTED IN PART.

ORDER

THIS MATTER comes before the Court on Plaintiff's Appeal From Magistrate Judge's Order Entered April 16, 2008 Denying Plaintiff's Motion to Compel Defendant to Supplement Rule 26 Disclosures. After careful consideration and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that Plaintiff's Appeal From Magistrate Judge's Order Entered April 16, 2008 Denying Plaintiff's Motion to Compel Defendant to Supplement Rule 26 Disclosures is DENIED IN PART and GRANTED IN PART.

ORDERED that the Magistrate's Order denying Plaintiff's Motion to Compel the telephone numbers and home addresses of Defendant's employees is AFFIRMED. It is further ORDERED that Plaintiff shall not be permitted to obtain the telephone numbers and home addresses of Defendant's employees listed on Defendant's Initial Rule 26 Disclosures. It is further

ORDERED that the Magistrate's Order denying Plaintiff's Motion to Compel disclosure of Defendant's passenger manifest is REVERSED. It is further

ORDERED that the Magistrate Judge shall issue a confidentiality order between the parties to protect the privacy interests of persons listed on Defendant's passenger manifest. It is further ORDERED that Defendant shall provide Plaintiff with the names and, if available, the address and telephone number of each passenger listed on Defendant's passenger manifest within thirty (30) days of the date of the protective confidentiality order.

END OF DOCUMENT

'HUMILIATED' PASSENGER HAS RIGHT TO SEE FLIGHT LIST, FED. COURT RULES

Nathaniel v. American Airlines

Copyright © 2008 Thomson Reuters/West .

A federal court in the Virgin Islands has ruled that American Airlines must turn over its passenger manifest to a woman who claims she was humiliated when airline personnel forced her off a flight.

*Nathaniel v. American Airlines*, No. 2007/0033, 2008 WL 5046848 (D.V.I., St. Croix Div. Nov. 20, 2008).

The U.S. District Court for the District of the Virgin Islands said a protective order would allow Sherline Nathaniel access to the names and contact information of other passengers on her flight from St. Croix to Miami in August 2006.

Nathaniel claims she suffered humiliation and medical injuries as a result of American Airlines' failure to accommodate her.

Nathaniel says she told the airline weeks before the scheduled departure date that she would need special assistance and a lift because she is unable to walk or climb stairs.

However, on the day of the flight an airline employee allegedly refused to use the lift. Nathaniel's sons and two American Airlines employees manually lifted the plaintiff onto the plane and into the first-class section, the suit says.

After boarding, the manager of the airline's St. Croix operation said Nathaniel would not be able to go on the flight because she was a hazard and was too fat, according to the complaint. Airline employees removed Nathaniel from the plane.

In her lawsuit she sought to force American Airlines to supplement its disclosures by providing the names and addresses of its witnesses, including airline employees, and other information. She also claimed the carrier failed to provide its flight history and event detail report.

A magistrate judge held that American need not release the names and addresses of managerial or supervisory employees, the flight history or the event report.

The District Court agreed but went on to find that disclosure of the airline's passenger manifest is appropriate if there is a protective order in place.

Nathaniel has no other means of obtaining the information, the court held, adding that the information is discoverable under a protective order.

END OF DOCUMENT